IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KIRK MEEKS**                                                                **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO.: 1:19-CV-218-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

**ORDER**

Before the Court are Plaintiff's motion [19] for payment attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d); Defendant's response [20]; and Plaintiff's reply [21]. For the reasons set out below, Plaintiff's motion for attorney fees will be granted in part and denied in part.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Order [17] and Final Judgment [18] entered May 4, 2020, this Court remanded this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff now seeks attorney fees under the EAJA in the amount of $3,814.87 to be paid to his attorney for 18.4 hours of work in 2019-2020 calculated at the rate of $207.33 per hour. In support of this request, Plaintiff's counsel has submitted an itemization of fees that documents the time spent on work before this Court. In his response, the Commissioner states he has no objection to the number of hours of attorney work submitted by Plaintiff but points out that the correct adjusted statutory hourly rate under the EAJA for calculation of fees should be $201.99; and, consequently, the award should be reduced to $3,716.62. The adjusted statutory hourly rate submitted by the Commissioner is obtained by using the South Urban Regional Consumer Price Index, the index this Court has determined is appropriate for calculating attorney fee awards in this district, *see Fowler v. Colvin,* No. 4:14CV00039-JMV, 2014 WL 7187086, at *2 (N.D. Miss. Dec. 17, 2014)

(unpublished). Additionally, the Commissioner insists the award should be made payable to Plaintiff, not his counsel, consistent with *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521 (2010). In his reply, Plaintiff states he has no objection to the corrected hourly rate submitted by the Commissioner and has reduced his request for fees accordingly.

The Equal Access to Justice Act provides for the award of court costs and attorney fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988).

The undersigned, having thoroughly considered the foregoing, finds the reduced award—proffered by the Commissioner and adopted by Plaintiff—is reasonable, and no special circumstance would make the award unjust. Additionally, I find the award should be made payable to Plaintiff pursuant to the U.S. Supreme Court's ruling in *Astrue v. Ratliff,* 560 U.S. 586, 130 S. Ct. 2521 (2010) (holding the attorney's client should be the payee of the fee award pursuant to the provisions of the EAJA), because Plaintiff has presented no argument or legal authority to the contrary. Therefore, it is

ORDERED that Plaintiff's motion is granted in part only, and the Commissioner is directed to promptly pay Plaintiff $3,716.62 for the benefit of his counsel.

This 16th day of July, 2020.

/s/ Jane M. Virden
U.S. Magistrate Judge